THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE BARRIERA GONZÁLEZ, Defendant and Appellant.

No. CR-63-64. Decided January 17, 1964.

*Edgardo Lloréns* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

About 10:00 a.m. on February 26, 1962, Antonio Santiago Rodríguez was sweeping the floor of his business, a cafetín, situated on Miramar Street in Ponce, P.R. At that moment Enrique Barriera González, a resident of that neighborhood, drew near the establishment and from the street, through the door which was open, fired three shots at Santiago, two bullets injuring him in the chest and one piercing his heart. At the time of the occurrence no words were exchanged between both persons and there was no quarrel. Barriera surrendered to the office of the district attorney the 5-bullet .38 caliber revolver and also 17 extra undischarged bullets which he had on his person.

The jury brought a verdict of guilty of murder in the first degree and also guilty of violation of § 8 of the Weapons Law (carrying or transporting a firearm and munitions), 25 L.P.R.A. § 418.

Appellant assigns the following two errors:

(1) "The court committed error in permitting and insisting that this case be heard after the attorney announced that he was not ready."

(2) "The other error assigned consists in the instructions transmitted to the jury in connection with the concept of deliberation and premeditation."

Let us examine the situation as to the first error assigned:

(a). The arraignment was made on March 23, 1962. The court designated William Morales Torres to represent the defendant in that act, which he did. Defendant pleaded not guilty and moved for a trial by jury in both felony cases. (There was also a milder violation of the Weapons Law, § 6, possession of firearm without a license, 25 L.P.R.A. § 416.) That same day, March 23, 1962, the court designated Edgardo Lloréns and Norberto Colón to represent the defendant at the hearing of the cases on the merits. (Edgardo Lloréns actually represented him at the hearing of the case and is the same attorney appearing before us on appeal.) The trial

was set for April 11, 1962. Defendant was summoned in court.

(b) The case having been called to trial on April 11, 1962, and in view of a motion for psychiatric examination filed by the defense and that the term had been waived, the court set the hearing of the motion for the 18th of the same month and year and continued the hearing of the cases on the merits to May 22, 1962.

(c) The hearing of the motion for psychiatric examination was held on May 4. The physicians testified and advised that defendant was in condition to be prosecuted. The case was set anew for June 14, 1962.

(d) The case having been called to trial on June 14, the defense attorney moved for continuance alleging that he was not prepared. The court conceded and the trial was continued to July 24, 1962. The defendant, the evidence and the attorneys were summoned in court. The day prior to the trial of the case, July 24, the defense filed another motion for continuance.

(e) The court denied this last motion for continuance and proceeded to hear the case on July 24 and 26, 1962.

It appears from this recital that four months elapsed from March 23, 1962, when the court designated Lloréns and Colón to represent the defendant, to the opening of the trial, July 24, 1962. It cannot be said that the trial court abused its discretion in not consenting to the last continuance of the trial. *People* v. *Rodríguez Correa*, 88 P.R.R. 635 (1963); *Pérez* v. *Delgado, Warden*, 83 P.R.R. 334, 335 (1961); *Romero* v. *Warden*, 78 P.R.R. 544, 549 (1955). As we stated in *Romero* v. *Warden, supra* at 550, we cannot grant to defendants the control over the calendars of the courts of justice. The first error assigned was not committed.

Second error. Appellant contends that the court erred in instructing the jury by saying: "The term deliberation means

a state of serenity or cold-bloodedness. It does not mean to ponder or reflect during much time, but an intent or purpose to kill, executed by defendant in a state of serenity, as a result of the deliberate purpose of satisfying a passion or vengeance, or to perform some unlawful act." Appellant alleges "that that instruction by itself is erroneous and incomplete."

 Appellant indulges in a practice already censured by this Court, which consists in framing up assignments of error on the basis of isolated fragments of the instructions to the jury, *People* v. *Cruz*, 87 P.R.R. 714 (1963). The instructions, like any other written or oral expression, must be considered as a whole in order to understand their meaning correctly and to judge them with intellectual honesty. We have examined the elaborate instructions to the jury, which consist of 21 pages, and in our opinion they are sufficient and proper. The paragraph cited by appellant in his brief appears in the middle of those instructions, and when read jointly with the others it is duly complemented.

 For example, the judge stated immediately after the paragraph challenged by appellant:

"Premeditation and deliberation depend on the circumstances of the case. The act of firing a weapon may be deliberate, but it may also be impulsive and impetuous. Thus we have that to deliberate means to ponder, attentively and carefully, the pros and cons. That is, the reasons of our decisions or choices, before enlarging or executing them. Whether the defendant has deliberated in the stated manner, is a question for the jury to decide. The presence or absence of deliberation is a question for you to decide.

"The elements of deliberation and premeditation may be inferred from the manner of using the deadly weapon or perhaps from the bare use thereof. Therefore, the difference in the basis between murder in the first degree and in the second degree is that in murder in the first degree the defendant ponders his act, weighs it, measures it, considers it."

A paragraph identical with that challenged herein by appellant was included in the instructions challenged in *People v. Barreto*, 85 P.R.R. 723 (1962), which we held to be adequate.

The second error assigned was not committed either. The judgments rendered in these cases by the Superior Court, Ponce Part, on September 14, 1962 will be affirmed.